UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DARRELL LAMONT WEISNER,<br><br>　　　　　Defendant. | Case Nos.　8:13-cr-00190-CJC-3<br>　　　　　　　8:14-cr-00039-CJC-1<br><br>**FINDINGS AND ORDER RE: PRESENTENCE REPORT** |

　　　　Defendant Darrell Lamont Weisner objects to paragraphs 73 and 82 of the Presentence Report which state that he is affiliated with the Rollin 60's criminal street gang, is known by the moniker "D Mac," and has admitted that he was a member of this gang. The United States Probation Office obtained this information from a Los Angeles Police Department report documenting Mr. Weisner's April 2013 arrest on a charge of carry a concealed weapon in violation of Cal. Penal Code § 25400(a)(2). The Los Angeles County District Attorney declined to prosecute Mr. Weisner for any crime arising from this arrest due to lack of sufficient evidence. Mr. Weisner denies the allegations relating to gang affiliation.

　　　　Pursuant to Fed. R. Crim. P. 32(i)(3)(B), the Court finds that there is insufficient evidence to conclude that Mr. Weisner has ever been affiliated with the Rollin 60's criminal street gang, has ever been known by the moniker "D Mac," or

has ever admitted that he was a member of this gang. The Court finds that the information reported in the Los Angeles Police Department report documenting Mr. Weisner's April 2013 arrest does not have a sufficient indicia of reliability to support its probable accuracy. U.S.S.G. § 6A1.3(a), p.s. (Nov. 2014). The Court relies on Mr. Weisner's denial of the allegations, as well as the Los Angeles County District Attorney's determination that there was insufficient evidence to prosecute Mr. Weisner for any conduct described in the police report.

  Mr. Weisner also objects to paragraphs 22, 24, 44-45, 49, 60-62, 66, 72, 85 and 95.[1] It is unnecessary for the Court to rule on these disputed portions of the presentence report because the controverted matters have not affected Mr. Weisner's sentencing or have not been considered by the Court in sentencing. Fed. R. Crim. P. 32(i)(3)(B).

  Pursuant to Fed. R. Crim. P. 32(i)(3)(C), a copy of this order shall be appended to any copy of the Presentence Report made available to the Bureau of Prisons.

  IT IS SO ORDERED.

Dated: July 23, 2015

CORMAC J. CARNEY
United States District Judge

---

[1] In his written objections to the Presentence Report, Mr. Weisner also objected to paragraph 71 of the Presentence Report, but he withdrew this objection at the sentencing hearing.